**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HARKINS BUILDERS, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. |
| v. | : | |
| | : | |
| FEDERATED MUTUAL INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Harkins Builders, Inc., by and through its counsel, Fowler Hirtzel McNulty & Spaulding, LLC, alleges against Defendant as follows:

**I.    PARTIES AND JURISDICTION**

1. Plaintiff, Harkins Builders, Inc., is a Maryland corporation with its principal place of business in Maryland.

2. Harkins is a citizen of Maryland.

3. Defendant, Federated Mutual Insurance Company, is a Minnesota corporation with its principal place of business in Minnesota.

4. Federated is a citizen of Minnesota.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## II. FACTUAL BACKGROUND

### A. The Underlying Action

7. Princeton Multifamily DST filed a civil action in the Superior Court of New Jersey, Mercer County, against TB Princeton Village, LLC and Toll Brothers, Inc. (collectively, "Toll"), captioned *Princeton Multifamily DST v. TB Princeton Village, LLC, et al.*, MER-L-000245-23 (the "Underlying Action"). The complaint in the Underlying Action is attached and incorporated by reference as Exhibit "1."

8. TB Princeton Village, LLC and Toll Brothers, Inc. then filed a third-party complaint against Harkins, Let's Get Stone'd, Inc. ("LGS"), and Kohler Company ("Kohler"). The third-party complaint in the Underlying Action is attached and incorporated by reference as Exhibit "2."

9. In general terms, the Underlying Action involves claims arising out of alleged defects in shower doors that were installed at apartment units in the community known as PARC Princeton Junction (the "Property").

10. Princeton Multifamily DST alleges that Toll was required to perform repairs to address defective shower doors installed prior to the sale of the Property.

11. In its third-party complaint, Toll alleges that their third-party claims arise from alleged defects in the installation, design, and manufacture of certain Kohler shower doors (Product Model Number: K-706165-L-SHP LEVITY 5/16 SHOWER DOOR 82 X 59-5/8 HDL).

12. Toll alleges that it contracted with Harkins to, among other things, install the shower doors in every residential unit at the Property.

13. Toll further alleges that Harkins subcontracted the shower door installation work to LGS pursuant to a written contract between Harkins and LGS.

2

4939-0731-7046, v. 2

### B. The Contract Documents Between Harkins and LGS

14. Harkins, as contractor, and LGS, as subcontractor, are parties to a Subcontract Agreement entered into as of December 11, 2017 relating to the construction of the Property. The Subcontract is attached and incorporated by reference as Exhibit "3."

15. The Subcontract Agreement identifies the Project Name as "Parc at Princeton Junction."

16. Paragraph 76 describes the Scope of Work and provides, in relevant part, as follows:

> 76. **SCOPE OF WORK** – The subcontractor shall furnish all labor, material, equipment and services necessary for a complete installation and incorporation of anything and everything necessary and associated with **Finish Carpentry**….
>
> …
>
> E. Subcontractor shall install **ALL frameless shower doors** as per contract documents.
>
> 1. Subcontractor shall silicone/caulk door as required for complete installation.
>
> 2. Subcontractor shall provide field measurement of shower doors to Harkins so correct dimensions can be coordinate [sic] with shower door supplier.

17. Paragraph 12 of the Subcontract Agreement imposes an obligation on LGS to maintain certain insurance coverage and list Harkins as an additional insured on a primary and non-contributory basis, as described in the following relevant provisions:

> 12. **Insurance**: Subcontractor… shall obtain and maintain in force for the duration of the Work, and for a period of two (2) years thereafter, including the times of any Work performed pursuant to Subcontractor's obligation under this Subcontract, insurance coverages that are required by the Subcontract Documents or as follows, whichever is greater in scope or amount:… (2) commercial general liability (CGL) with bodily injury and property damage limits of not less than $2,000,000 each occurrence, $2,000,000

general Aggregate, and $2,000,000 Products/Completed Operations…, which insurance shall be written on an occurrence form and shall cover liability arising from premises, operations, independent contractors, products-completed operations, personal injury, advertising injury, and liability arising out of contracts;…. Subcontractor's CGL and auto policies shall include Contractor, Owner, all other Indemnitees identified in Paragraph 11 hereof, and any others as may be reasonably required by the Subcontract Documents as additional insureds. Coverage for these additional insureds shall be the equivalent coverage as provided by the Subcontractor for ongoing operations and products and completed operations. Coverage for completed operations of Subcontractor shall be maintained for the benefit of the additional insureds for a period of five (5) years following the completion of the Work. Additional insured coverage, as required in this subparagraph, shall apply as primary and non-contributory insurance with respect to any other insurance or self-insurance programs afforded to the additional insureds….

18. Harkins, as contractor, and LGS, as seller, also entered into a Purchase Contract dated January 29, 2018 relating to the construction of the Property. The Purchase Agreement is attached and incorporated by reference as Exhibit "4."

19. The Purchase Contract identifies the Project Name as "Parc at Princeton Junction."

20. The Scope of Work under the Purchase Contract is described as follows:

**SCOPE OF WORK** – The subcontractor shall furnish material necessary for a complete installation and incorporation of anything and everything necessary and associated with Shower Doors.

**I)**   **Scope of Work**

A.   Subcontractor shall furnish the following:

A.1.1.1.   (113) Kohler K-706165-L shower doors.

A.1.1.2.   Brushed nickel finish.

21. The Purchase Agreement incorporates the Terms and Conditions, including the insurance requirements set forth in Paragraph 15, providing, in relevant part, as follows:

4939-0731-7046, v. 2

> 15. **Insurance**: Seller… shall obtain and maintain in force for the duration of its obligations under this Purchase Contract the following insurance coverages: … (2) commercial general liability (CGL) with bodily injury and property damage limits of not less than $2,000,000 each occurrence, $2,000,000 general Aggregate, and $2,000,000 Products/Completed Operations which shall be written on an occurrence form and shall cover liability arising from premises, operations, independent contractors, products-completed operations, personal injury, advertising injury, and liability arising out of contracts;…. Seller's CGL and auto policies shall include Contractor and Owner as additional insured, and shall be the equivalent coverage as provided to the Seller. The Additional Insured coverage provided shall apply to 'bodily injury' or 'property damage' for the longer of the statutory period of repose in the state where the Work is performed, or the statutory period of limitations for such claims in the state where the Work is performed, whichever is longer. Additional insured coverage as required in this subparagraph shall apply as primary and non-contributory insurance with respect to any other insurance or self-insurance programs afforded to the additional insureds….

C.    **The Federated Policy Issued to LGS**

22.   LGS sought to comply with the insurance requirements in the Subcontract Agreement and the Purchase Agreement (collectively, the "LGS Contract Documents") by procuring certain insurance policies, including commercial general liability insurance with Federated.

23.   Federated issued a policy of insurance to LGS as the named insured, policy number 9153865, for the policy period from June 15, 2021 to June 15, 2022 (the "Federated Policy").

24.   Federated has not responded to repeated requests from Harkins for a copy of the Federated Policy that would respond to the claims asserted in the Underlying Action.

25.   Upon information and belief, the Federated Policy covers Harkins as an additional insured under forms CG 20 10 (04/13) – Additional Insured – Owners, Lessees, or Contractors, Scheduled Person or Organization, which provides, in relevant part, as follows:

4939-0731-7046, v. 2

**SCHEDULE**

| **Name Of Additional Insured Person(s) Or Organization(s)** | **Location(s) Of Covered Operations** |
|---|---|
| HARKINS BUILDERS INC<br>INSURANCE COMPLIANCE<br>PO BOX 100085<br>DULUTH GA 30096 | See IL-F-40-0052 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

> **A.** **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

…

**EXTENSION ENDORSEMENT**

**Extension – CG 20 10 – HARKINS BUILDERS INC**

ANY COVERAGE PROVIDED BY THIS ENDORSEMENT APPLIES ONLY TO THE MARBLE/GRANITE COUNT TOPS CUTTING AND INSTALLATION COMPLETED AT PARC AT PRINCETON JUNCTION, PRINCETON NEW JERSEY. ADDITIONAL INSUREDS ALSO INCLUDE: TB PRINCETON VILLAGE LLC TB PRINCETON VILLAGE LLC AND ITS MEMBERS, PARC AT PRINCETON JUNCTION, TOLL BROTHERS INC AND TOLL BROTHERS INC

26.  Upon information and belief, the Federated Policy also identifies Harkins as an additional insured under endorsement CG 20 37 (04/13) – Additional Insured – Owners, Lessees or Contractors – Completed Operations, which provides, in relevant part, as follows:

> **A.** **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your work' at the location designated and described in the Schedule of this

4939-0731-7046, v. 2

endorsement performed for that additional insured and included in the 'products-completed operations hazard'.

…

27. There are two separate schedules to endorsement CG 20 37 of the Federated Policy under which Harkins is identified as an additional insured:

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| HARKINS BUILDERS INC<br>INSURANCE COMPLIANCE<br>PO BOX 100085<br>DULUTH GA 30096 | See IL-F-40-0049 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

### EXTENSION ENDORSEMENT

**Extension – CG 20 37 – HARKINS BUILDERS INC**

ANY COVERAGE PROVIDED BY THIS ENDORSEMENT APPLIES ONLY TO THE MARBLE/GRANITE COUNT TOPS CUTTING AND INSTALLATION COMPLETED AT PARC AT PRINCETON JUNCTION PRINCETON NEW JERSEY. ADDITIONAL INSUREDS ALSO INCLUDE: TB PRINCETON VILLAGE LLC TB PRINCETON VILLAGE LLC AND ITS MEMBERS, PARC AT PRINCETON JUNCTION, TOLL BROTHERS INC AND TOLL BROTHERS INC

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| TB PRINCETON VILLAGE LLC % TOLL BROTHERS APAR<br>250 GIBRALTAR RD #2S<br>HORSHAM PA 19044 | See IL-F-40-0053 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

### EXTENSION ENDORSEMENT

**Extension – CG 20 37 – TB PRINCETON VILLAGE LLC % TOLL BROTHERS APAR**

ANY COVERAGE PROVIDED BY THIS ENDORSEMENT APPLIES ONLY TO PARC AT PRINCETON JUNCTION WEST WINDSOR NJ FOR KITCHEN CABINET AND COUNTERTOP INSTALLATION, AND TRIM WORK. **ADDITIONAL INSUREDS ALSO**

4939-0731-7046, v. 2

**INCLUDE:** TB PRINCETON VILLAGE LLC, TOLL BROTHERS INC, **HARKINS BUILDERS INC**, AND THEIR SUBSIDIARIES, MEMBERS, AND AFFILIATES.

(emphasis added).

28. Federated, identified both as the insurer and the policy producer, provided a certificate of liability insurance to Harkins that identified Harkins as an additional insured under the Federated Policy. The certificate of liability insurance is attached and incorporated by reference as Exhibit "5."

29. Moreover, Federated made specific representations to Harkins in the certificate of liability insurance about the scope of its status as additional insured and the terms of the Federated Policy:

> **PROJECT: PARC AT PRINCETON JUNCTION, PRINCETON NEW JERSEY**
>
> **HARKINS BUILDERS INC, TB PRINCETON VILLAGE LLC, TB PRINCETON VILLAGE LLC AND ITS MEMEBRS, PARC AT PRINCETON JUNCTION, TOLL BROTHERS INC, TOLL BROTHERS INC ARE ADDITIONAL INSUREDS WITH RESPECT TO GENERAL LIABILITY INCLUDING WITHOUT LIMITATION ONGOING AND COMPLETED OPERATIONS, AUTOMOBILE, AND EXCESS/UMBRELLA LIABILITY ON A PRIMARY AND NON-CONTRIBUTORY BASIS. WAIVER OF SUBROGATION APPLIES IN FAVOR OF ALL ADDITIONAL INSUREDS ON ALL POLICIES.**

30. Federated has previously accepted the obligation to cover Harkins as an additional insured under the Federated Policy for other claims involving alleged defects in shower doors at the Property.

### D.   Federated's Coverage Position

31. Harkins placed Federated on notice of a claim for coverage as an additional insured under the Federated Policy for purposes of the Underlying Action.

32. Federated asserts that the Underlying Action does not trigger the additional insured status of Harkins under the Federated Policy.

33. Because of Federated's declination of coverage under the Federated Policy, Harkins has and will continue to incur litigation costs and attorneys' fees in the defense of the Underlying Action.

34. Harkins may also incur liability for damages for a settlement or judgment in the Underlying Action should be covered under the Federated Policy.

## COUNT I – DECLARATORY JUDGMENT

35. Harkins incorporates by reference the preceding paragraphs of this complaint.

36. The Underlying Action involves allegations that implicate the insuring agreement of the Federated Policy.

37. The Underlying Action makes allegations about defective shower doors, specifically Kohler K-706165-L model shower doors, which is specifically part of LGS' scope of work in the LGS Contract Documents.

38. Harkins is a scheduled additional insured under the Federated Policy for both ongoing operations (under form CG 20 10) and completed operations (under form CG 20 37).

39. LGS agreed in writing in the LGS Contract Documents to name Harkins as an additional insured, with coverage applying on a primary and non-contributory basis.

40. For purposes of coverage under form CG 20 10, the factual allegations in the Underlying Action, broadly construed in favor of coverage, allege that Harkins is potentially liable for property damage caused, in whole or in part, by the acts or omissions of LGS or the acts or omissions of those acting on behalf of LGS in the performance of LGS's ongoing operations for Harkins at the Property and the project known as Parc at Princeton Junction.

41. For purposes of coverage under form CG 20 37, the factual allegations in the Underlying Action, broadly construed in favor of coverage, allege that Harkins is potentially liable for property damage caused, in whole or in part, by the work of LGS at the location

9

designated and described in the Schedule of that endorsement, Parc at Princeton Junction (i.e., the Property), performed for Harkins and included in the products-completed operations hazard.

43. Coverage under forms CG 20 10 and CG 20 37 applies to Harkins provided that the incident take place at the designated location, Parc at Princeton Junction (i.e., the Property).

43. There is no limitation in the provisions of forms CG 20 10 and CG 20 37 that restricts additional insured coverage for Harkins to specific operations or types of work performed by LGS.

44. Moreover, Federated represented to Harkins that it was an additional insured for general liability for both ongoing and completed operations, and for excess/umbrella liability, on a primary and non-contributory basis. Federated conveyed no other limitation on the scope of additional insured coverage available to Harkins under the Federated Policy.

45. To date, Federated has refused to defend Harkins as an additional insured under the Federated Policy for the claims asserted in the Underlying Action.

46. There is an actual controversy about the rights and obligations of Harkins and Federated under the Federated Policy in connection with the Underlying Action.

**WHEREFORE**, Harkins respectfully requests a judgment in its favor and against Federated, together with the following relief:

(1) A declaratory judgment that Federated is required to defend Harkins in the Underlying Action under the Federated Policy;

(2) A declaratory judgment that Federated is required to indemnify Harkins in the Underlying Action under the Federated Policy; and

(3) Costs, interest, attorneys' fees and such other relief as the Court may deem appropriate.

10

4939-0731-7046, v. 2

## COUNT II – BREACH OF CONTRACT

47. Harkins incorporates by reference the preceding paragraphs of this complaint.

48. Federated is obligated under the Federated Policy to provide a defense to Harkins in the Underlying Action, and to indemnify Harkins in the event of liability.

49. Federated has failed to fulfill its contractual duty under the Federated Policy to defend and indemnify Harkins in the Underlying Action.

50. Harkins has been damaged, as it has incurred litigation costs and attorneys' fees to defend the Underlying Action that should be paid by Federated.

51. Harkins will continue to be damaged in the future through additional costs that must be incurred to defend the Underlying Action, or if it becomes obligated to pay any settlement, verdict, or judgment that may be entered in the Underlying Action.

**WHEREFORE**, Harkins respectfully requests a judgment in its favor and against Federated, together with costs, interest, attorneys' fees, and such other relief as the Court may deem appropriate under the circumstances.

Dated: April 17, 2025

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLC**

By: **/s/ Dennis Chow**
Dennis Chow
Three Logan Square
1717 Arch Street, Suite 1310
Philadelphia, PA 19103
267-457-4570
dchow@fhmslaw.com

*Attorneys for Plaintiff,*
*Harkins Builders, Inc.*